Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| RALPH NIEVES CASTRO  Recurrente  v.  DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN  Agencia Recurrida | KLRA202500263 | *Revisión* procedente del Departamento de Corrección y Rehabilitación  B705-24575  Sobre: Evaluación de Programa |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores.

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de mayo de 2025.

El Departamento de Corrección y Rehabilitación ("Corrección" o la "Agencia") ordenó la re-evaluación de una solicitud para participar en el Programa de Pre-Reinserción a la libre comunidad (el "Programa"). Concluimos, como se explica en detalle a continuación, que procede la desestimación del recurso de referencia, pues, en cuanto a la revisión de decisiones administrativas, este Tribunal únicamente tiene jurisdicción para revisar decisiones finales, y el proceso de referencia no ha culminado aún.

I.

El Sr. Ralph Nieves Castro (el "Recurrente") solicitó a Corrección participar del Programa (la "Solicitud").

Mediante una comunicación de 16 de agosto de 2024 (la "Determinación"), la Secretaria Auxiliar de Programas y Servicios de Corrección denegó la Solicitud. Expuso que ello obedecía a que el Recurrente no cumplía con el requisito de "no constituir un riesgo

para su propia seguridad, la de sus compañeros, la comunidad y las víctimas o partes perjudicadas".

El Recurrente solicitó la reconsideración de la Determinación. Como resultado de ello, Corrección emitió una Resolución (notificada al Recurrente el 23 de enero) mediante la cual "acept[ó]" la reconsideración e informó que "su caso será reevaluado" (la "Resolución").

El 22 de abril, el Recurrente suscribió el recurso que nos ocupa. Plantea que su reconsideración no ha sido atendida y nos solicita que revisemos directamente la Determinación. Disponemos.

II.

La jurisdicción es la autoridad que tiene el tribunal para atender en los méritos una controversia. *Maldonado v. Junta de Planificación*, 171 DPR 46, 55 (2007). La jurisdicción no se presume y los tribunales no tienen discreción para asumirla donde no la hay. *Íd*. Los tribunales debemos ser celosos guardianes de nuestra jurisdicción. *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007). Los asuntos jurisdiccionales son privilegiados y deben resolverse con preferencia a cualquier otro asunto planteado. *Carattini v. Collazo Systems Analysis, Inc.*, 158 DPR 345, 355 (2003).

Un recurso es prematuro cuando es presentado en el tribunal antes de que dicho foro tenga jurisdicción para atenderlo. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008), *Pueblo v. Santana Rodríguez*, 148 DPR 400, 402 (1999). Su presentación no produce efecto jurídico alguno, ya que la falta de jurisdicción es un defecto insubsanable. *Rodríguez v. Zegarra*, 150 DPR 649, 654 (2000). Por lo tanto, el tribunal no puede intervenir en un recurso prematuro y deberá desestimar el caso, al concluir que no hay jurisdicción. Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.

Por su parte, nuestra jurisdicción para atender un recurso de revisión judicial se limita, como norma general, a la revisión de una "orden o resolución final de una agencia", luego de que se hayan "agotado todos los remedios provistos por la agencia". 3 LPRA 9672. Asimismo, la Ley de la Judicatura (Ley 201), dispone en su Artículo 4.006 (c) que este Tribunal revisará mediante el recurso de revisión judicial las decisiones, órdenes y resoluciones <u>finales</u> de organismos o agencias administrativas. 4 LPRA sec. 24y; véase, además, Regla 56 de nuestro Reglamento, 4 LPRA Ap. XXII-B R. 56; *A.R.Pe. v. Coordinadora*, 165 DPR 850, 865-66 (2005). Esta orden o resolución final debe "incluir y exponer separadamente determinaciones de hecho … [y] conclusiones de derecho …". 3 LPRA 9654; *Comisionado Seguros v. Universal*, 167 DPR 21 (2006); véase, además, *Bennett v. Spear*, 520 US 154 (1997).

Así pues, la disposición **final** de la decisión de la agencia es requisito básico y jurisdiccional para que este foro pueda ejercer su función revisora. Para que una orden o resolución se considere final, la misma debe ser emitida por la última autoridad decisoria de la agencia administrativa y debe poner fin a la controversia ante el organismo, sin dejar asunto pendiente alguno. *Bird Const. Corp. v. A.E.E.,* 152 DPR 928, 935-936 (2000); *J. Exam. Tec. Méd. v. Elías, et al.,* 144 DPR 483 (1997).

Como excepción a la regla de la finalidad, se permite una revisión de una actuación interlocutoria de una agencia cuando esté presente un caso claro de ausencia de jurisdicción de la agencia administrativa. *Junta Examinadora de Tecnólogos Médicos v. Elías,* 144 DPR 483, 491-492 (1997); *Comisionado Seguros v. Universal,* 167 DPR 21, 30 (2006). Así pues, ante una "situación clara de falta de jurisdicción" o un "caso claro de falta de jurisdicción", es revisable una resolución interlocutoria de la agencia. *Comisionado*

*Seguros, supra* (citando a *Junta Examinadora, supra*, y *Procuradora Paciente v. MCS*, 163 DPR 21 (2004)).

### III.

En este caso, no se acreditó la existencia de una decisión final que sea revisable. La Determinación no constituye una decisión revisable, pues no es final, al estar sujeta a un trámite de "reconsideración" (el cual realmente constituye una apelación interna de índole administrativa), y al no contener determinaciones de hecho o conclusiones de derecho.

Más importante aún, tampoco la Resolución constituye una decisión final adversa de la cual el Recurrente podría recurrir a este foro. Al contrario, en la Resolución Corrección expresamente hizo constar que la Solicitud sería re-evaluada, con lo cual forzosamente quedó sin efecto la Determinación.

En virtud de lo anterior, ante el hecho de que no estamos ante una decisión final que afecte adversamente interés alguno del Recurrente, procede la desestimación del recurso de referencia por ausencia de jurisdicción. Por supuesto, si la eventual decisión final que tome Corrección fuese adversa al Recurrente, este podrá señalar todo error que a su juicio se haya cometido durante el proceso a través de un oportuno recurso de revisión judicial.

### IV.

Por los fundamentos que anteceden, se desestima el presente recurso por falta de jurisdicción.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones